| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Rebecca A. Solarz<br>KML Law Group, PC<br>216 Haddon Avenue, Suite 406<br>Westmont, NJ 08108<br>THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Mortgage Pass-Through Certificates Series 2005-AR8 |
| In Re:<br>     Leticia, Rojas |

Order Filed on May 8, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No:     18-19362 VFP

Hearing Date: May 8, 2018

Judge:  Vincent F. Papalia

| Recommended Local Form: | ☐ Followed | ☐ Modified |
|---|---|---|

# ORDER DENYING APPLICATION TO SHORTEN TIME AND DENYING APPLICATION TO IMPOSE THE STAY

The relief set forth on the following page is hereby ordered **ORDERED**.

**DATED: May 8, 2018**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Upon the motion of Debtor, Leticia Rojas, through her counsel, Bruce Radowitz, Esq., seeking an order shortening time and imposing the automatic stay; and KML Law Group, P.C. appearing in opposition on behalf of Creditor, <u>THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Mortgage Pass-Through Certificates Series 2005-AR8</u>, and the Court having reviewed the submissions of the parties and conducted oral argument; and for cause shown,* it is

ORDERED that the application to shorten time is DENIED; and

IT IS FURTHER ORDERED that the motion to impose the automatic stay as to all creditors is DENIED; and

IT IS FURTHER ORDERED that the sheriff sale of real property located at 180 Douglas Road, Far Hills, NJ 07931, may proceed.

IT IS FURTHER ORDERED that Creditor, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

*and for the reasons set forth on the record on May8, 2018;

*rev. 7/12/16*