UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
Peter J. D'Auria, Esquire (3709)
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Leticia Rojas, | : | Case No. 18-19362(VFP) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

## LIMITED OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO DEBTOR'S APPLICATION TO RETAIN WASSERMAN, JURISTA & STOLZ, PC AS COUNSEL TO THE DEBTOR

The Acting United States Trustee ("UST"), by and through counsel, in furtherance of his duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby respectfully submits this Objection (the "Objection") to the above-captioned Debtor's Application to Retain Wasserman Jurista & Stolz, PC ("WJS") as Counsel to the Debtor (the "Application"), and respectfully asserts as follows:

1. Pursuant to 11 U.S.C. § 586, the UST is obligated to oversee the administration of Chapter 11 cases.  Under 11 U.S.C. § 307, the UST has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code.  Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  See

United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.), 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. ' 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

## BACKGROUND

2. On May 8, 2018 (the "Petition Date"), Leticia Rojas (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On June 10, 2018, the Debtor filed the Application (docket entry 38).

4. On June 6, 2017, proposed counsel to the Debtor filed the Disclosure of Compensation of Attorney for Debtor (the "2016(b) Statement") (docket entry 17).

5. Pursuant to disclosures made in the Application, the Debtor states: "The $10,000.00 retainer is being loaned to the Debtor, Leticia Rojas by Fredric Glick. The Debtor will make an application to repay Mr. Glick at the appropriate time during the course of this bankruptcy case."

6. Pursuant to proposed order filed with the Application, the last ordered paragraph states: "The post-petition loan of $10,000.00 from Fredric Glick to the debtor for payment of the Retainer to substitute counsel is hereby approved."

## ARGUMENT

7. The Application is a request for approval of the retention of a professional pursuant to section 327(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code only allows the debtor in possession to employ professional persons that "do not hold or represent an interest

adverse to the estate, and that are disinterested persons." One court has described Section 327(a) as "a prophylactic provision designed to insure that the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded." <u>In re Prudent Holding Corp.</u>, 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993).

8. Any professional person that does not meet both the "no adverse interest" and "disinterested person" tests is disqualified from employment under Section 327(a). <u>See In re BH&P Inc.</u>, 949 F.2d 1300, 1314 (3d Cir. 1991) (Section 327(a) "creates a two-part requirement for retention of counsel"). Thus, a professional that holds or represents an adverse interest is *per se* disqualified, and a professional that does not hold or represent an adverse interest is nevertheless disqualified unless it falls within the definition of "disinterested person" set forth in 11 U.S.C. § 101(14). <u>See, e.g., United States Trustee v. Price Waterhouse</u>, 19 F.3d at 141 (disqualified because not disinterested); <u>Michel v. Eagle-Picher Indus., Inc</u>. (*<u>In re Eagle-Picher Indus., Inc.</u>*), 999 F.2d 969, 972 (6th Cir. 1993) (can lack disinterestedness without having adverse interest).

9. It appears from the disclosure made in the Application that a post-petition debt was incurred by the Debtor for the purpose of acquiring the funds to pay the "Retainer" (as referenced in the Application) to WJS. However, it appears from the text in the form of proposed order that the pending Application, in addition to being an application to approve the Debtor's retention of WJS, is also serving as a motion seeking court approval for the underlying loan. These collective requests presented via the Application presents a conflict. The Application does not present an appropriate motion to obtain credit; the UST respectfully asserts that aspect of the Application must be denied.

3

WHEREFORE, The UST respectfully asserts that the Application as presented must be denied, and respectfully requests that this Court grant such further relief as is just and appropriate.

                                        Respectfully submitted,
                                        ANDREW R. VARA
                                        ACTING UNITED STATES TRUSTEE

                            By:    /s/ Peter J. D'Auria
                                        Peter J. D'Auria
                                        Trial Attorney

Dated:   July 17, 2018