| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, New Jersey 07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>*Counsel for Debtor*<br>**LEONARD C. WALCZYK, ESQ.** |
| In Re:<br><br>**LETICIA ROJAS,**<br><br>Debtor in Possession. |

Chapter 11

Case No. 18-19362(VFP)

Honorable Vincent F. Papalia

Hearing Date: September 18, 2018, 11:00 a.m.

### DEBTOR'S RESPONSE TO U.S. TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

**TO THE HONORABLE VINCENT F. PAPALIA**
**UNITED STATES BANKRUPTCY JUDGE**

The Certification of Leticia Rojas, the above captioned Debtor, upon her oath, in lieu of affidavit, certifies unto this Court as follows:

1. I am the Debtor in the above captioned Chapter 11 case, and as such I have full knowledge of the facts set forth in this Certification.

2. I have reviewed the response of K&K Developers, Inc. to the motion of the United States Trustee for an order dismissing or converting the above referenced Chapter 11 case.

3. It is clear that the desire of K&K Developers to seek a dismissal as opposed to a conversion of this case is to prevent a Chapter 7 Trustee from investigating and pursuing a substantial six figure deposit held in escrow made by K&K Developers regarding a certain

contract to purchase real property located in Far Hills, New Jersey. As the Court is aware, no stay was imposed in this case, and thus the mortgagee was permitted to foreclose on the subject property.

4. The escrowed funds could be considered property of the bankruptcy estate. Accordingly, it is in the best interest of creditors for a Chapter 7 Trustee to be appointed in order to investigate and potentially pursue these funds for the benefit of all creditors.

5. It is important to note that K&K Developers is not even a creditor in this case and thus, has no standing to recommend dismissal as opposed to conversion. K&K Developers' motivation for seeking dismissing is plainly obvious.

6. Most importantly, I have significant debt -- over $3 million in filed claims -- for which I seek and need a bankruptcy discharge. Creditors are not prejudiced by the continuation of this bankruptcy case in Chapter 7 in light of the fact that there is no automatic stay. However, for me to receive a fresh start, which is the paramount objective in any bankruptcy case, I hereby consent to conversion of my case to Chapter 7 of the Bankruptcy Code. Moreover, I ask the Court not to dismiss this case.

7. I swear that the foregoing statements made by me are true and correct knowing that this Court shall act in reliance upon same.

*LETICIA ROJAS*

Dated: September 13, 2018

S:\8491 Leticia Rojas\Debtor's Response to Trustee's Motion to Convert or Dismiss 9-13-18.docx