DAVID E. MAYLAND, ESQ. (DEM 1225)
**STRASSER & ASSOCIATES, P.C.**
7 East Ridgewood Avenue
Paramus, New Jersey 07652
Phone: 201.445.9001
Facsimile: 201.445.1188
E-Mail: dm@strasserlaw.com
*Attorneys for Plaintiff, The Port Authority of New York and New Jersey*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------X
In re:                                          :
                                                :        CASE NO. 18-19362-VFP
LETICIA ROJAS                                   :
                                                :        Chapter 11
                        Debtor                  :
------------------------------------------------X
                                                :
                                                :
THE PORT AUTHORITY OF NEW                       :        Hearing Date: September 18, 2018
YORK AND NEW JERSEY                             :
                                                :
                                                :
                        Plaintiff               :
    v.                                          :
                                                :
LETICIA ROJAS, individually                     :
                                                :
                        Defendant               :
------------------------------------------------X

**RESPONSE OF THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY TO MOTION OF THE
ACTING UNITED STATES TRUSTEE FOR AN ORDER
CONVERTING THE CASES TO CHAPTER 7 OR, IN THE ALTERNATIVE,
DISMISSING THE CASES PURSUANT 11 U.S.C. § 1112(b)**

---

The Port Authority of New York and New Jersey (hereinafter "Plaintiff" or "Port Authority") by and through their attorneys, Strasser & Associates, P.C., 7 East Ridgewood Avenue, Paramus, New Jersey submits this response to the motion by the Acting United States Trustee for an Order

-1-

Converting the Case to Chapter 7, or, in the Alternative, Dismissing the Case of Leticia Rojas (hereinafter "Defendant" or "Debtor") Pursuant to 11 U.S.C. § 1112(b) dated August 2, 2018 [ECF No. 49] (the "Motion"), and hereby states:

1. On May 8, 2018 (the "Petition Date"), Leticia Rojas (the "Debtor") filed with this Court a voluntary petition for relief (the "Fourth Petition") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

2. The Port Authority of New York and New Jersey instituted an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy, on August 9, 2018, objecting to the dischargeability of the debt to Plaintiff, The Port Authority of New York and New Jersey, and seeking relief pursuant to 11 *U.S.C.* §523(a)(2), false pretenses, false representation, actual fraud and/or pursuant to 11 *U.S.C.* §523(a)(4) fraud as fiduciary, embezzlement, larceny.

3. By way of background, it should be noted that the Debtor filed three previous voluntary bankruptcy cases in this Court in the sixteen months preceding the Petition Date.

4. The Debtor filed her first voluntary petition for relief under chapter 13 of the Bankruptcy Code (Case No. 17-11444) on January 25, 2017 (the "First Case"). By order dated March 29, 2017, the Debtor's First Case was dismissed on the Court's own motion.

5. The Debtor filed her second voluntary petition for relief under chapter 13 of the Bankruptcy Code (Case No. 17-17390) on April 12, 2017 (the "Second Case"). By order dated May 31, 2017, this Court dismissed the Debtor's Second Case on motion of the chapter 13 trustee.

6. The Debtor filed her third voluntary petition for relief under chapter 7 of the Bankruptcy Code (Case No. 17-29081) on April 12, 2017 (the "Third Case"). By order dated December 4, 2017, the Debtor's Third Case was dismissed.

7. On August 2, 2018, the Acting United States Trustee (the "UST") filed the current Motion seeking conversion of this case to chapter 7 or, in the alternative dismissal of this case.

8. The Port Authority of New York and New Jersey agrees that, for the reasons set forth in the UST's Motion and the facts and authorities cited herein, there is a valid basis in this case for either conversion or dismissal of this case.

9. Once cause has been established, the court must determine whether conversion or dismissal is in the best interests of creditors and the estate. *See* In re SGL Carbon Corp., 200 F.3d 154, 159 n. 8 (3d Cir.1999). This determination should consider the interests of all creditors, secured and unsecured. *See* In re Hampton Hotel Investors, *L.P.*, 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001)

10. The court should compare the creditors' rights in a chapter 7 bankruptcy to the rights they would have under state law upon dismissal. In re The V Companies and V-S Architects, Inc., 274 B.R. 721, 740 (Bankr. N.D. Ohio 2002) (citing Rollex Corp. v. Associated Materials, Inc. *(*In re Superior Siding & Window, Inc.*)*, 14 F.3d 240, 243 (4th Cir.1994)).

11. Where an estate is administratively insolvent, such that the appointment of a chapter 7 trustee would only benefit administrative claimants, dismissal is appropriate. *See:* In re Acme Cake Co., Inc., 2010 WL 4103761, *7 (Bankr. E.D.N.Y. October 18, 2010).

12. Generally, creditors are not prejudiced by dismissal of a case where they may exercise their rights outside of bankruptcy. *See In re Segal*, 527 B.R. 85, 94 (Bankr. E.D.N.Y. 2015).

13. In the case at bar, the interest of creditors would be best served by dismissal. The Debtor's most valuable assets, her former primary residence and the Far Hills Property, have

already been sold in separate sheriff's sales. Moreover, the Port Authority of New York and New Jersey has filed an adversary proceeding challenging the dischargablity of the debt owed.

14. The basis of the non-discharageablity complaint is that on March 18, 2013, the Port Authority of New York and New Jersey filed suit against Defendant Leticia Rojas, individually and her company Leticia, Inc. in the Superior Court of New Jersey, Union County under docket no. UNN-L-001010-13 in connection with Defendant's willful and fraudulent toll evasion.

15. Final Judgement in the aforementioned matter was entered in the amount of Six Hundred, Fifty-One Thousand, Sixty-Four and 22/00 Dollars ($651,064.22) in favor of Plaintiff, The Port Authority of New York and New Jersey against Defendant, Leticia Rojas on or about January 30, 2015.

16. The Debtor has filed three prior bankruptcy cases that have wasted the time and resources of this Court and her creditors.

17. Specifically the Debtor filed a chapter 7 case less than one year ago, and moved to voluntarily dismiss same. The Debtor's multiple bankruptcy filings have unfairly delayed her creditors, including but not limited to the Port Authority, who are legitimately pursuing their collection efforts.

18. The interest of creditors would be best served by dismissal of the Debtor's fourth bankruptcy case. The Debtor's most valuable assets, her former primary residence and the Far Hills Property, have already been sold in separate sheriff's sales and the Debtor is simply abusing the bankruptcy courts in an effort to delay legitimate collection efforts.

19. The Debtor seeks to unjustifiably delay this case by conversion of her Chapter 11 bankruptcy to a Chapter 7 which will cause undue cost and expense to her creditors regarding the dischargability of debts which are in dispute.

20. For the foregoing reasons, The Port Authority of New York and New Jersey respectfully requests that the Court grant the UST's Motion by ordering dismissal of the Fourth Case.

|  |  |
|---|---|
|  | STRASSER & ASSOCIATES, P.C.<br>*Attorneys for The Port Authority of*<br>*New York and New Jersey* |
| Dated: September 17, 2018 | By: /s/ David E. Mayland<br>         David Mayland |
|  | 7 East Ridgewood Avenue<br>Paramus, NJ 07652<br>Tel: 201-445-9001<br>Fax: 201-445-1188<br>dm@strasserlaw.com |